```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

        -v.-                     :    12 Cr. 222 (PKC)

LAMONT RICHARDSON,               :

                                 :

        Defendant.               :

- - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S SENTENCING MEMORANDUM

PREET BHARARA
*United States Attorney for the*
*Southern District of New York*

*Attorney for the United States*
*of America*

Rachel Maimin
*Assistant United States Attorney*
     *-Of Counsel-*

**PRELIMINARY STATEMENT**

The defendant is scheduled to be sentenced on September 11, 2012. The Government respectfully submits this memorandum in advance of that sentencing, and in response to the defendant's sentencing letter dated August 28, 2012. For the reasons that follow, the Government respectfully requests that the Court impose a sentence within the range of 30 to 37 months' imprisonment.[1] Such a sentence is necessary in order to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence to criminal conduct.

**FACTUAL BACKGROUND**

**A.   The Indictment and Offense Conduct**

On June 1, 2012, the defendant pled guilty before the Court to (a) conspiring to traffic in firearms, in violation of Title 18, United States Code, Section 371; (b) gun trafficking, in violation of Title 18, United States Code, Section 922(a)(1)(A);

---

[1] As noted in the PSR and the defendant's sentencing submission, this range - to which the parties stipulated in the Plea Agreement - differs from the range of 46 to 57 months' imprisonment calculated by the Probation Office. This is because, at the time the parties agreed upon the terms of the Plea Agreement, the Government was still investigating the gun trafficking conspiracy charged in the Indictment. During the course of this investigation, the Government learned that the defendant had sold approximately 34 guns during the charged time period, rather than the 4 guns reflected in the Indictment and the Plea Agreement. Although the Government determined to stand by the stipulated range contained in the Plea Agreement, the Government provided the Probation Office with a complete and accurate account of the defendant's offense conduct. This led to the Probation Office's imposition of a 6-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), that was not contained in the Plea Agreement.

and © possessing a gun after being convicted of a felony, in violation of Title 18, United States Code, Section 922(g).

During these offenses, between in or about December 2011 and in or about January 2012, the defendant and his co-conspirator, Anthony Daniels, sold approximately 34 guns in the Bronx and Manhattan.  (PSR ¶ 9.)  These guns were stolen from pawn shops in North Carolina and brought to New York by Daniels, where Richardson sold them on the street.  (PSR ¶ 9.)

**II.  The Defendant's Criminal History**

The defendant has one prior felony conviction, and it was for a firearms offense.  In 1995, in New York State Supreme Court, Kings County, he was convicted of criminal possession of a loaded firearm in the third degree. (PSR ¶ 28.)  During this offense, the defendant was arrested with a revolver on a train in Brooklyn.  (PSR ¶ 29.)

**III. The Presentence Report and Guidelines Calculation**

As stated above, the Probation Office calculates a Guidelines range of 46 to 57 months' imprisonment, based upon a total offense level of 23 and a Criminal History Category of I. (PSR ¶ 55.)  This differs from the stipulated Guidelines range reflected in the Plea Agreement - which contained a range of 30 to 37 months' imprisonment, based up on a total offense level of 19 and a Criminal History Category of I - because the Government did not know, at the time the parties agreed upon the terms of

the Plea Agreement, that the defendant had sold 34 guns.

## ARGUMENT

I.        **Analysis of the Section 3553(a) Factors**

A sentence within the range of 30 to 37 months is necessary to reflect the seriousness of the offense and provide just punishment.  Because illegal gun possession and gun violence pose an extremely serious danger to the community, a significant sentence is necessary to punish the defendant for his participation in such a large number of illegal gun sales.

Such a sentence would also serve the critical public safety goal of deterring the defendant and others from trafficking in guns in the future.  This is not the defendant's first firearms offense, and the defendant must be deterred from committing additional crimes.  Moreover, a significant sentence is especially warranted in this case with respect to the goal of general deterrence.  Such a sentence would serve the critical goal of preventing the mass importation of guns from other states onto the streets of New York.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that a sentence within the range of 30-37 months is

sufficient, but not greater than necessary, to meet the goals of Section 3553(a).

Dated:    September 4, 2012
          New York, New York

                          Respectfully submitted,

                          PREET BHARARA,
                          United States Attorney for the
                          Southern District of New York,
                          *Attorney for the United States of America*

By: /s/_____
    Rachel Maimin
    Assistant United States Attorney
    (212) 637-2460